Gaston, 3.
 

 The object of this bill is to obtain a judicial construction of a will, so obscurely expressed, that it is impossible to pronounce with confidence upon the intention of 1 he testator. It is, indeed, sufficiently manifest that the whole
 
 *331
 
 legal interest in the testator’s property was given by the to his son Logan. It is also apparent, that the beneficial interest in this property was, to some extent and in some mode, designed to be apportioned between bis sons Logan and George. The legal estate was not given to Logan for his benefit only, but for or to “ the support of him and bis brother George.” This was the end and purpose of the donation. So far, therefore, it would seem, that George was as much the declared object of the testator’s bounty as Logan, and if nothing else can be found in the will, to contradict this inference or to shew a different intent, the will must be so construed as to secure to each an equal share of this bounty. The part of the will, which follows, purports to be explana, tory, but unfortunately the attempted explanation is the part, of all others, the least intelligible. It is thus expressed, “that is, that George gets no more than Logan if he be not extravagant.” To whom do these latter words refer? If to George, is
 
 he
 
 to have more than Logan, provided be be extravagant? If to Logan, in what degree is George’s-share to be enlarged, because of Logan’s extravagance? It is impossible to collect, with reasonable assurance, from the explanation subjoined, any information as to the purpose of the testator in the previous part of the will; and therefore the inference, already drawn therefrom, remains unaffected by that attempted explanation. It must be declared that the defendant George is entitled to a moiety of the beneficial interest in alL the testator’s property.
 

 Per Curiam, Declared accordingly.